UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-430 (CEJ) |
| ) | |
| FIFTY-NINE THOUSAND, FIVE ) | |
| HUNDRED DOLLARS ($59,500.00) ) | |
| SUPPORTING A CASHIER'S CHECK, ) | |
| #8261595, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's motion for default judgment against the defendant property and all potential claimants thereto for failure to file a claim, answer, or otherwise defend as set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[1]

Entry of default in a civil action is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). A party has no duty to defend, however, unless it has been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure. See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon

---

1 With respect to default judgments in proceedings that are in rem actions for forfeiture, both the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritimes Claims and Asset Forfeiture Actions apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(2). Rule G specifically governs forfeiture actions in rem arising from a federal statute. Supp. R. G(1). To the extent that Rule G does not address an issue, Rules C and E also apply. Id.

service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

Upon the issuance and delivery of the warrant for arrest of property in an action in rem, the United States Marshal or any United States officer or employee authorized to enforce it, must execute the warrant in accordance with Supplemental Rule E(4). Supp. R. E(4)(a); Supp. R. C(3)(b)(ii). Service, or execution, of process on tangible property is generally completed by taking it into possession. Supp. R. E(4)(b). Service on intangible property is generally accomplished by leaving a copy of the complaint and process with the garnishee or other obligor. Supp. R. E(4)(c). A process return and receipt form, or other proof of service indicting when the warrant was served on the property, is filed with the court by the person serving process. Except for service by a United States marshal, proof of service must be by the server's affidavit. Fed. R. Civ. P. 4(l)(1). In addition to service on the property, notice of the action in rem is given directly to persons who reasonably appear to be potential claimants and by publication in a newspaper or an official Internet government forfeiture site. Supp. R. G(4)(a)–(b).

On July 5, 2016, in accordance with Rule 4 and Supplemental Rule G, the Court ordered plaintiff to file proof of service on the defendant property. In response to the Court's order, plaintiff filed a Department of the Treasury process receipt and return, indicating that the warrant was executed by Department of Homeland Security/Homeland Security Investigations on May 16, 2016. However, the process receipt and return contains no signature of an authorized treasury agency officer acknowledging the receipt of process or certifying the method of service described. The plaintiff's attorney's signature and affirmation are insufficient to establish that an

authorized federal officer properly effected service of process in this matter. See Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

Because plaintiff has not supplied the Court with sufficient information to establish proof of service, there is no basis on which to grant default judgment. See United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 771 (9th Cir. 2004) ("[A] 'failure to serve the warrant on the *res* leaves the court without jurisdiction over the 'defendant' (i.e., the object in dispute).'" (quoting United States v. Approximately 2,538.85 Shares of Stock Certificates of the Ponce Leones Baseball Club, Inc., 988 F.2d 1281, 1287 n.8 (1st Cir. 1993))). Without proof of service, the Court finds good cause to set aside the Clerk of the Court's entry of default. See Fed. R. Civ. P. 55(c). However, because the failure to prove service does not negate the fact of service, the Court will allow plaintiff the opportunity to amend its proof of service. Fed. R. Civ. P. 4(l)(3).

After service is proven, plaintiff may again seek entry of default. If no proof of service is filed by the deadline set by the Court, plaintiff's motion for default judgment will be denied and this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk's entry of default against defendant property Fifty-Nine Thousand, Five Hundred Dollars ($59,500.00) Supporting a Cashier's Check, #8261595 [Doc. #7] is **vacated**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **August 30, 2016**, to file proof service on the defendant property.

                                             _____
                                             CAROL E. JACKSON
                                             UNITED STATES DISTRICT JUDGE


Dated this 16th day of August, 2016.